IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 16-cr-114 |
| | : | |
| v. | : | Violation: |
| | : | |
| | : | 26 U.S.C. § 7206(1) (Subscribing |
| WARREN GRAVES, | : | False Return) |
| | : | |
| Defendant. | : | |

**FILED**

**JUL 1 8 2016**

Clerk, U.S. District and
Bankruptcy Courts

### STATEMENT OF OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States and defendant Warren Graves ("Defendant") submit this Statement of Offense:

### Background

1. At all relevant times, Defendant resided in Washington, D.C.

2. In September, 2005, Defendant formed Company 1, a limited liability company, in Washington, D.C. Defendant and his wife were the only members of Company 1. Defendant owned 90% of Company 1, and he alone played an active role in managing Company 1. At all relevant times, at Defendant's election, Company 1 was taxed as a partnership. As such, for tax purposes, items of income were deemed to flow through Company 1 to Defendant and his wife, who were required to report such income and pay taxes on it.

3. Through Company 1, Defendant provided consulting services to individuals and entities in Washington, D.C. The consulting work performed by Defendant through Company 1 generally consisted of arranging meetings between D.C. government officials and private businesses and individuals. In general, Defendant's arrangements with Company 1 clients involved performing services in exchange for a future stream of payments totaling an agreed amount.

4. Defendant primarily performed consulting work through Company 1 prior to 2009. From 2009 to 2013, Company 1 continued to receive payments for prior services provided. Defendant did not perform any consulting work after January, 2011, and Company 1 has been effectively dormant since that time.

5. At various times, Defendant was a salaried employee, in addition to performing consulting work. In addition, from on or before January 1, 2009 through in and around January 2011, Defendant was engaged as an independent contractor by the D.C. Government although he performed services and functioned as a salaried employee.

6. Defendant was the sole bookkeeper for Company 1. To assist in preparing personal tax returns (Forms 1040) and Company 1 tax returns (Forms 1065), Defendant retained Person A, a tax return preparer. For all relevant years, Defendant provided Person A with the information underlying the amounts associated with Defendant's consulting business conducted through Company 1, which Person A included on Defendant's and Company 1's tax returns.

### Defendant's Conduct

7. From 2009 to 2013, Defendant submitted false expense amounts to Person A in connection with Company 1's operations. This resulted in a material underreporting of income in each year from 2009 to 2013. Defendant also failed to report material income items for 2009, 2010, and 2013. This further increased the amount by which Defendant underreported income in those years.

*2009*

8. With regard to Defendant's personal return and Company 1's return for tax year 2009:

2

     a.    Defendant willfully failed to report $30,000 of income received from a customer, which had been deposited into Company 1's bank account.

     b.    Defendant willfully and falsely reported that Company 1's business expenses were $207,741. In reality, Company 1's allowable business expenses in 2009 totaled $17,500. The false expenses claimed included $36,000 in rent, when Company 1 had no office and paid no rent; $10,000 in employee benefits, when Company 1 had no workers receiving employee benefits; $20,677 in automobile expenses, when Company 1's work required little to no travel; $18,255 in repairs and maintenance, which in fact related to Defendant's personal home; and $14,491 in meals and entertainment, when Company 1 was effectively conducting no operations.

     c.    For tax year 2009, Defendant underreported income by $220,241, resulting in a loss to the government in tax revenue of $95,026.

     d.    On or about April 14, 2010, Defendant signed a 2009 Form 1040, U.S. Individual Income Tax Return. Defendant then filed that return with the Internal Revenue Service. That return contained a declaration that it was signed under penalty of perjury, while Defendant knew when signing the return that it was false as to material matters.

*2010*

9.    With regard to Defendant's personal return and Company 1's return for tax year 2010:

     a.    Defendant willfully failed to report $29,092 of income received from two separate customers.

  b. Defendant willfully and falsely reported that Company 1's business expenses were $125,233. In reality, Company 1's allowable business expenses in 2010 totaled $150. The false expenses claimed included $36,000 in rent, when Company 1 had no office and paid no rent; $10,000 in employee benefits, when Company 1 had no workers receiving employee benefits; and $13,758 in repairs and maintenance, which in fact related to Defendant's personal home.

  c. For tax year 2010, Defendant underreported income by $154,165, resulting in a loss to the government in tax revenue of $66,609.

  d. On or about April 12, 2011, Defendant signed a 2010 Form 1040, U.S. Individual Income Tax Return. Defendant then filed that return with the Internal Revenue Service. That return contained a declaration that it was signed under penalty of perjury, while Defendant knew when signing the return that it was false as to material matters.

*2011*

10. With regard to Defendant's personal return and Company 1's return for tax year 2011

  a. Defendant willfully and falsely reported that Company 1's business expenses were $48,147. In reality, Company 1's allowable business expenses in 2011 totaled $19. The false expenses claimed included $18,000 in rent, when Company 1 had no office and paid no rent; $7,244 in phone and cable expenses, when Company 1 had no such expenses; and $5,565 in automobile expenses, when Company 1 was dormant.

  b. For tax year 2011, Defendant underreported income by $45,956, resulting in a loss to the government in tax revenue of $17,201.

c.    On or about April 4, 2012, Defendant signed a 2011 Form 1040, U.S. Individual Income Tax Return. Defendant then filed that return with the Internal Revenue Service. That return contained a declaration that it was signed under penalty of perjury, while Defendant knew when signing the return that it was false as to material matters.

*2012*

11.    With regard to Defendant's personal return and Company 1's return for tax year 2012:

a.    Defendant willfully and falsely reported that Company 1's business expenses were $25,003. In reality, Company 1's allowable business expenses in 2012 totaled $4,140. The false expenses claimed included $5,372 for travel, $4,890 in meals and entertainment, and $8,492 in automobile expenses, when Company 1 was essentially conducting no business.

b.    For tax year 2012, Defendant underreported income by $23,895, resulting in a loss to the government in tax revenue of $8,697.

c.    On or about April 10, 2013, Defendant signed a 2012 Form 1040, U.S. Individual Income Tax Return. Defendant then filed that return with the Internal Revenue Service. That return contained a declaration that it was signed under penalty of perjury, while Defendant knew when signing the return that it was false as to material matters.

*2013*

12.    With regard to Defendant's personal return and Company 1's return for tax year 2013:

      a.     Defendant willfully failed to report $62,337 of income received from a customer.

      b.     Defendant willfully and falsely reported that Company 1's business expenses were $29,746. In reality, Company 1's allowable business expenses in 2013 totaled $250. The false expenses claimed included $5,441 for travel, $3,998 in meals and entertainment, and $7,642 in automobile expenses, when Company 1 was essentially conducting no business.

      c.     For tax year 2013, Defendant underreported income by $91,833, resulting in a loss to the government in tax revenue of $33,454.

      d.     On or about April 10, 2014, Defendant signed a 2013 Form 1040, U.S. Individual Income Tax Return. Defendant then filed that return with the Internal Revenue Service. That return contained a declaration that it was signed under penalty of perjury, while Defendant knew when signing the return that it was false as to material matters.

## CONCLUSION

13.    In total, the amount of underreported income for Defendant's tax years 2009 to 2013 was $536,091, resulting in a tax loss of $220,987.

*[signature]*

JOHN P. MARSTON
Bar No. D.C. - 493012
Assistant United States Attorney
555 4th Street, N.W., 5th Floor
Washington, D.C. 20530

**Defendant's Acceptance**

I have read this Statement of the Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of the Offense and all matters relating to it. I fully understand this Statement of the Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

_07/18/2016_  _Warren Graves_
Date  Defendant Warren Graves

**Defense Counsel's Acknowledgment**

We are Defendant Warren Graves' attorneys. We have reviewed every part of this Statement of the Offense with him. It accurately and completely sets forth the Statement of the Offense agreed to by Defendant and the Office of the United States Attorney for the District of Columbia.

_7/18/16_  _Vannie Taylor_
Date  Vannie Taylor, Esq.

_7/18/16_  _Charles Ray_
Date  Charles Ray, Esq.